UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| MARIO SANCHEZ,<br><br>        Plaintiff,<br><br>        v.<br><br>SMILEY, et al.,<br><br>        Defendants. | CAUSE NO. 3:25-CV-1096-TLS-APR |

OPINION AND ORDER

Mario Sanchez, a prisoner without a lawyer, filed an amended complaint pursuant to 42 U.S.C. § 1983. (ECF 4.) The court must screen this pleading and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To proceed beyond the pleading stage, a complaint must "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Sanchez is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Sanchez is an inmate at Westville Correctional Facility. He claims that since approximately June 2025, he has been assigned to the D1-east dormitory, which he claims is in such poor condition that it is not "fit for human occupancy." He claims there is black mold on the walls throughout the dormitory, an infestation of mice, and "quarter size cockroaches." Due to plumbing problems, water regularly drips on him from the ceiling while he is using the toilet, which caused him to contract a "major bacterial infection."

In January 2025, there was a fire in his dormitory, which caused black smoke to fill his cell. He claims the fire alarms do not work and the ventilation system is poor, which made the problem worse. He claims to have asthma and states that he had difficulty breathing after this incident. He went to the medical unit on the date of the fire, and an unnamed nurse told him a gas tank had exploded. He left the medical unit without receiving care for reasons he does not explain. He was seen by medical staff in early February 2025 and was told he was suffering from "short-term chronic smoke inhalation."

He additionally claims that the bathroom pipes and sanitation system are in poor condition, and in October 2025 a drain backed up, causing sewage water containing human waste to spread through the entire dormitory. He and his cellmates did their best to clean the water up in their cell, but they were not given gloves or chemicals, leaving their cell in a dirty condition for days.

Based on these issues, he sues Warden Jason Smiley, Assistant Warden Watts (first name unknown), the "Health Services Administrator," "Nurse Jane Doe," an unidentified "Maintenance Supervisor," and the unnamed "Safety Hazard Manager," seeking monetary damages and other forms of relief.

Inmates have a right to "rudimentary sanitation" under the Eighth Amendment, which includes an environment free of pest infestations and excessively dirty conditions. *Gray v. Hardy*, 826 F.3d 1000, 1005 (7th Cir. 2016). Likewise, they are entitled to an environment that is free of excessive health and safety risks. *Sinn v. Lemmon*, 911 F.3d 412, 419 (7th Cir. 2018). Such a claim has "two components: (1) the harm to which the prisoner was exposed must be an objectively serious one; and (2) judged subjectively, the prison official must have actual, and not merely constructive, knowledge of the risk." *Id.* (cleaned up). "Deliberate indifference . . . poses a 'high hurdle and an exacting standard' requiring 'something approaching a total unconcern for

the prisoner's welfare in the face of serious risks.'" *Stockton v. Milwaukee County*, 44 F.4th 605, 615 (7th Cir. 2022) (citation omitted). "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is not enough" to assert an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 426 (7th Cir. 2020).

The only defendants identified by name in the amended complaint are Warden Smiley and Assistant Warden Watts. There is no general *respondeat superior* liability under 42 U.S.C. § 1983, and these officials cannot be held liable for damages merely because they held supervisory positions at the time of these events. *Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009). However, supervisory employees may be held liable if they "know about the conduct and facilitate it, approve it, condone it, or turn a blind eye." *Doe v. Purdue Univ.*, 928 F.3d 652, 664 (7th Cir 2019) (citation omitted). Additionally, defendants "who are responsible for setting prison policy . . . can be held liable for a constitutional violation if they are aware of a systematic lapse in enforcement of a policy critical to ensuring inmate safety yet fail to enforce that policy." *Sinn*, 911 F.3d at 423 (cleaned up). Knowledge may reasonably be inferred when a problem is so pervasive that high-ranking officials were "bound to have noticed" it. *Smith v. Sangamon Cnty. Sherriff's Dep't*, 715 F.3d 188, 192 (7th Cir. 2013) (citation omitted).

Giving Sanchez the inferences to which is entitled at this stage, he has plausibly alleged that the Warden and Assistant Warden were bound to have noticed the extreme conditions he describes—a sewage backup, black mold on the walls, a lack of fire safety equipment, poor ventilation, and extensive pest infestation—and yet they allegedly failed to act to keep inmates safe. As a result, Sanchez suffered physical and emotional injuries, including smoke inhalation and a bacterial infection. He has alleged enough to proceed further on a claim for damages against these officials under the Eighth Amendment.

He also sues the unidentified "Safety Hazard Manager," and it can be reasonably inferred from his allegations that this high-ranking official is responsible for identifying and ameliorating safety hazards throughout the prison. Giving Sanchez the inferences to which he is entitled at this stage, he has plausibly alleged that this official was bound to have noticed the severe health and safety lapses he describes. He will be permitted to proceed further on a claim for damages against him under the Eighth Amendment.

He does not know the name of this individual, and while it is permissible to sue a "placeholder defendant" in federal court, as a practical matter an unnamed defendant cannot be served with process. *See Rodriguez v. McCloughen*, 49 F.4th 1120, 1121 (7th Cir. 2022). This defendant must be identified and served within the two-year statute of limitations period and the deadline specified in Federal Rule of Civil Procedure 4(m). *Id.* The court has an obligation to assist him in trying to identify and serve this defendant. *See Antonelli v. Sheahan*, 81 F.3d 1422, 1428 (7th Cir. 1996); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990). Therefore, the court will order the Warden to provide the name of this individual, to the extent he is able, as outlined below.

His amended complaint can also be read to allege that he needs permanent injunctive relief related to the conditions of his confinement, specifically, either to be moved or for the health and safety hazards to be addressed if he prevails in this case. The Warden has both the authority and the responsibility to ensure that inmates at his facility are provided with constitutionally adequate housing. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). He will be allowed to proceed against the Warden in his official capacity for permanent injunctive relief related to his need for clean and safe housing as required by the Eighth Amendment.

Sanchez additionally sues an unnamed maintenance supervisor and someone he identifies as the "Health Service Administrator," but he does not describe how, if at all, they were personally involved in these events. Liability under 42 U.S.C. § 1983 is based on personal responsibility, and these individuals cannot be held liable for the "misdeeds" of other prison staff. *Burks*, 555 F.3d at 596. He does not mention the Health Service Administrator at all, and his only mention of maintenance staff, generally, is his allegation that they took over an hour to respond when the unit backed up with sewage. The court cannot plausibly infer from the information he provides that these individuals had actual knowledge of the severe problems he outlines and deliberately turned a blind eye to his health or safety. Their mere failure to do their jobs properly does not amount to deliberate indifference. *See LaBrec v. Walker*, 948 F.3d 836, 841 (7th Cir. 2020) (recognizing that, to be deliberately indifferent, a prison employee "must have actual, not merely constructive" notice of the risk of harm). These individuals also do not appear to be high-ranking officials who might be held liable for the policy lapses he describes. He will not be permitted to proceed against these individuals.

Finally, he sues Nurse Jane Doe. Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim for the denial of this right, a prisoner must allege: (1) he had an objectively serious medical need; and (2) the defendant acted with deliberate indifference to that need. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). The court must "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019) (cleaned up). In plain terms, the Eighth

Amendment protects prisoners from "grossly inadequate medical care." *Gabb v. Wexford Health Sources, Inc.*, 945 F.3d 1027, 1033 (7th Cir. 2019) (citation omitted).

Although somewhat unclear, "Nurse Jane Doe" appears to be nurse who told Sanchez about the exploding gas tank. The court can infer that he had a serious medical need at that time, because he claims to have been suffering smoke inhalation from the fire. However, he offers no details about his interactions with this nurse for the court to plausibly infer deliberate indifference on her part. Instead, he states simply, "I didn't receive medical treatment at that time." Indeed, it is not evident from his allegations that she was even the one responsible for treating him. Merely "putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened . . . that *might* be redressed by the law" is not enough to state a claim under federal pleading standards. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Based on the information he provided, he has not stated a plausible Eighth Amendment claim against the nurse.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against Warden Jason Smiley, Assistant Warden Watts (first name unknown), and John Doe Safety Hazard Manager in their personal capacity for monetary damages for housing him under unsanitary and unsafe conditions in the D-1 east dormitory at Westville Correctional Facility from June 2025 to the present in violation of the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against the Warden of Westville Correctional Facility in his official capacity for permanent injunctive relief related to the plaintiff's need for safe and sanitary housing under the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES Health Service Administrator, Jane Doe, and Maintenance Supervisor as defendants;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Warden Jason Smiley and Assistant Warden Watts (first name unknown) at the Indiana Department of Correction and to send them a copy of this order and the amended complaint (ECF 4) pursuant to 28 U.S.C. § 1915(d);

(6) ORDERS the Indiana Department of Correction to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(7) ORDERS Warden Jason Smiley and Assistant Warden Watts to respond, as provided in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order; and

(8) ORDERS the Warden to file a notice on the same date he files his response to the amended complaint providing the name of the Safety Hazard Manager at Westville Correctional Facility during June 2025 to the present, or to file a notice explaining why the name of this individual cannot be provided.

SO ORDERED on February 2, 2026.

s/ Theresa L. Springmann  
JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT